UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: ) | |
| ) | |
| JOHN C. TOMBERLIN and ) | CASE NO. 16-10168-7-BPC |
| JAN M. TOMBERLIN, ) | |
| ) | Chapter 7 |
| Debtors. ) | |

## AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NCP Bayou 2, LLC ("NCP"), a creditor, amends its Motion for Relief from the Automatic Stay (Doc. 375) ("Motion"), respectfully moving this Court for relief from the automatic stay so that NCP may take all lawful action to execute upon its judgment against Dr. John C. Tomberlin. In support of its Motion, NCP states:[1]

1. NCP brings this Motion under Section 362(d) of the Bankruptcy Code, Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Rules of the Bankruptcy Court for the Middle District of Alabama.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 11 U.S.C. § 157(b)(2). Venue of this matter is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3. On January 28, 2016, Dr. John C. Tomberlin and Jan M. Tomberlin filed their joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

---

[1] The Clerk required NCP to amend because the Motion did not correctly identify Your Honor's initials in the style of the case. NCP's previous attempt to correct that failed miserably (Doc. 378) because it did not include the word "Amended" in the heading and contained the negative notice language required by local rule for the original motion. (Doc. 381).

4. Prior to that, Multibank 2009-1 CML-ADC Venture, LLC ("Multibank") obtained a judgment in the amount of $20,576,899.91 against Dr. Tomberlin on April 27, 2014, in the Common Pleas Court of Erie County, Ohio. The judgment stemmed from Dr. Tomberlin's guaranty of a loan made for a real estate development in Ohio. The entry of the judgment followed foreclosure of the underlying real estate and represented a deficiency owed to the lender. (*See* Exhibit "A").

5. Multibank then filed Civil Action 2014-50 to domesticate its judgment in Alabama on August 5, 2014, in the Circuit Court of Coffee County, Alabama. Dr. Tomberlin contested that action. The Circuit Court stayed the action when Dr. Tomberlin filed this Chapter 7 case, and the domestication action remains stayed. (*See* Exhibit "B").

6. Multibank filed Adversary Proceeding 16-01116 on October 17, 2016, objecting to Dr. Tomberlin's discharge. On December 1, 2017, Multibank transferred all its rights, title and interests in the judgment against Dr. Tomberlin to NCP. (*See* Affidavit of Benjamin Gerig attached as Exhibit "C"). NCP was substituted as Plaintiff in the Adversary Proceeding and, following a trial, this Court denied Dr. Tomberlin's discharge on November 3, 2017, under section 727(a)(2), supporting the Order with a Memorandum Opinion. (Docs. 42, 43).

7. Dr. Tomberlin appealed the Court's decision on December 28, 2017, to the United States District Court for the Middle District of Alabama. (Doc. 51). The District Court affirmed this Court's Order denying Dr. Tomberlin's discharge on February 12, 2020. (*See* Exhibit "D"). Dr. Tomberlin then appealed the District Court's Order to the Eleventh Circuit Court of Appeals, who affirmed on May 5, 2021. (*See* Exhibit "E").

8. Additional facts regarding Dr. Tomberlin's assets, work, and the denial of his discharge were stated in the recent Motion for Relief filed by the Internal Revenue Service filed on April 9, 2021, and NCP references those facts. (Doc. 369, pp. 3-10).[2]

9. The Bankruptcy Code's automatic stay remains in force to protect property of a bankruptcy estate from a creditor's action. 11 U.S.C. 362(c)(1). Any other act against the debtor directly also is prohibited until a debtor's discharge is either granted or denied, assuming the case is not closed or dismissed. 11 U.S.C. 362(c)(2).

10. This Chapter 7 case remains open. Dr. Tomberlin's discharge has been denied, and his appeals of that denial to both the District Court and the Eleventh Circuit have failed. By operation of law, the automatic stay protecting Dr. Tomberlin from any action by NCP should now be terminated, and the Court may confirm this under 11 U.S.C. §362(j).[3]

11. As described by the I.R.S., despite considerable effort, Dr. Tomberlin has refused to resolve the I.R.S. and NCP claims. He disputes them and, by all accounts, intends to continue his years-long effort to avoid execution upon his assets. NCP anticipates these efforts will continue in the pending state court domestication action and in any other action that may be taken against him in pursuit of collection. This Court's confirmation that the automatic stay is terminated will provide clarity to the state court and any other court as to at least one potential issue that Dr. Tomberlin might raise.

---

[2] The I.R.S. motion was served on all creditors and parties in interest, none of whom objected, and the Court granted that motion on May 13, 2021. (Doc. 370, 372).

[3] Mrs. Jan Tomberlin has received her discharge. By this motion, NCP seeks no relief whatsoever against Jan Tomberlin.

WHEREFORE, NCP respectfully requests an Order confirming that the automatic stay prohibiting certain actions against Dr. Tomberlin only is terminated, allowing it to continue its prior state court domestication action, and providing it relief to take any action otherwise prohibited by the automatic stay in furtherance of its rights and claims against Dr. John Tomberlin.

/s/ Joel Connally     (ASB-3751-Y72J)
Attorney for NCP Bayou 2, LLC

OF COUNSEL:

STRENGTH & CONNALLY, LLC
7020 Fain Park Dr., Ste. 3
Montgomery, AL  36117
jc@strengthconnally.com
334.387.2121

## CERTIFICATE OF SERVICE

I hereby certify that I have provided a copy of the foregoing to all CM\ECF participants via the CM|ECF system on this the 3rd day of June, 2021.

s/ Joel Connally     (ASB-3751-Y72J)
Attorney for NCP Bayou 2, LLC