## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **JOHN C. TOMBERLIN and** | ) | **CASE NO. 16-10168-7-BPC** |
| **JAN M. TOMBERLIN,** | ) | |
| | ) | **Chapter 7** |
| Debtors. | ) | |

PURSUANT TO LOCAL RULE 4001-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NCP Bayou 2, LLC ("NCP"), a creditor, moves this Court for relief from the automatic stay so that NCP may take all lawful action to execute upon its judgment against Dr. John C. Tomberlin. In support of its Motion, NCP states:

1. NCP brings this motion (the "Motion") under Section 362(d) of the Bankruptcy Code, Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Rules of the Bankruptcy Court for the Middle District of Alabama.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 11 U.S.C. § 157(b)(2). Venue of this matter is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3. On January 28, 2016, Dr. John C. Tomberlin and Jan M. Tomberlin filed their joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. Prior to that, Multibank 2009-1 CML-ADC Venture, LLC ("Multibank") obtained a judgment in the amount of $20,576,899.91 against Dr. Tomberlin on April 27, 2014, in the

Common Pleas Court of Erie County, Ohio. The judgment stemmed from Dr. Tomberlin's guaranty of a loan made for a real estate development in Ohio. The entry of the judgment followed foreclosure of the underlying real estate and represented a deficiency owed to the lender. (*See* Exhibit "A").

5.    Multibank then filed Civil Action 2014-50 to domesticate its judgment in Alabama on August 5, 2014, in the Circuit Court of Coffee County, Alabama. Dr. Tomberlin contested that action. The Circuit Court stayed the action when Dr. Tomberlin filed this Chapter 7 case, and the domestication action remains stayed. (*See* Exhibit "B").

6.    Multibank filed Adversary Proceeding 16-01116 on October 17, 2016, objecting to Dr. Tomberlin's discharge. On December 1, 2017, Multibank transferred all its rights, title and interests in the judgment against Dr. Tomberlin to NCP. (*See* Affidavit of Benjamin Gerig attached as Exhibit "C"). NCP was substituted as Plaintiff in the Adversary Proceeding and, following a trial, this Court denied Dr. Tomberlin's discharge on November 3, 2017, under section 727(a)(2), supporting the Order with a Memorandum Opinion. (Docs. 42, 43).

7.    Dr. Tomberlin appealed the Court's decision on December 28, 2017, to the United States District Court for the Middle District of Alabama. (Doc. 51). The District Court affirmed this Court's Order denying Dr. Tomberlin's discharge on February 12, 2020. (*See* Exhibit "D"). Dr. Tomberlin then appealed the District Court's Order to the Eleventh Circuit Court of Appeals, who affirmed on May 5, 2021. (*See* Exhibit "E").

8.     Additional facts regarding Dr. Tomberlin's assets, work, and the denial of his discharge were stated in the recent Motion for Relief filed by the Internal Revenue Service filed on April 9, 2021, and NCP references those facts.  (Doc. 369, pp. 3-10).[1]

9.     The Bankruptcy Code's automatic stay remains in force to protect property of a bankruptcy estate from a creditor's action.  11 U.S.C. 362(c)(1).  Any other act against the debtor directly also is prohibited until a debtor's discharge is either granted or denied, assuming the case is not closed or dismissed.  11 U.S.C. 362(c)(2).

10.     This Chapter 7 case remains open.  Dr. Tomberlin's discharge has been denied, and his appeals of that denial to both the District Court and the Eleventh Circuit have failed.  By operation of law, the automatic stay protecting Dr. Tomberlin from any action by NCP should now be terminated, and the Court may confirm this under 11 U.S.C. §362(j).[2]

11.     As described by the I.R.S., despite considerable effort, Dr. Tomberlin has refused to resolve the I.R.S. and NCP claims.  He disputes them and, by all accounts, intends to continue his years-long effort to avoid execution upon his assets.  NCP anticipates these efforts will continue in the pending state court domestication action and in any other action that may be taken against him in pursuit of collection.  This Court's confirmation that the automatic stay is terminated will provide clarity to the state court and any other court as to at least one potential issue that Dr. Tomberlin might raise.

---

[1] The I.R.S. motion was served on all creditors and parties in interest, none of whom objected, and the Court granted that motion on May 13, 2021.  (Doc. 370, 372).
[2] Mrs. Jan Tomberlin has received her discharge.  By this motion, NCP seeks no relief whatsoever against Jan Tomberlin.

WHEREFORE, NCP respectfully requests an Order confirming that the automatic stay prohibiting certain actions against Dr. Tomberlin only is terminated, allowing it to continue its prior state court domestication action, and providing it relief to take any action otherwise prohibited by the automatic stay in furtherance of its rights and claims against Dr. John Tomberlin.

/s/ Joel Connally    (ASB-3751-Y72J)
Attorney for NCP Bayou 2, LLC

OF COUNSEL:

STRENGTH & CONNALLY, LLC
7020 Fain Park Dr., Ste. 3
Montgomery, AL  36117
jc@strengthconnally.com
334.387.2121

## **CERTIFICATE OF SERVICE**

I hereby certify that I have provided a copy of the foregoing to all CM\ECF participants via the CM|ECF system on this the 27th day of May, 2021.

s/ Joel Connally    (ASB-3751-Y72J)
Attorney for NCP Bayou 2, LLC

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | John C. Tomberlin |
| Debtor 2 (Spouse, if filing) | Jan M. Tomberlin |
| United States Bankruptcy Court for the: | Middle District of Alabama |
| Case number | 16-10168 |

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to** 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

NCP Bayou 2, L.L.C.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☑ Yes. From whom? Multibank 2009-1 CML-ADC Venture, LLC

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Joel Connally, Attorney
Name

7020 Fain Park Dr., Ste. 3
Number        Street

Montgomery        AL        36117
City                State        ZIP Code

Contact phone 334-387-2121

Contact email jc@strengthconnally.com

**Where should payments to the creditor be sent?** (if different)

Name

Number        Street

City                State        ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$_____42,049,124.00_. **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgment

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under [11 U.S.C. § 507(a)](#)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under [11 U.S.C. § 507(a)(1)(A)](#) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. [11 U.S.C. § 507(a)(7)](#). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. [11 U.S.C. § 507(a)(4)](#). | $_____ |
| ☐ Taxes or penalties owed to governmental units. [11 U.S.C. § 507(a)(8)](#). | $_____ |
| ☐ Contributions to an employee benefit plan. [11 U.S.C. § 507(a)(5)](#). | $_____ |
| ☐ Other. Specify subsection of [11 U.S.C. § 507(a)(__)](#) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. [FRBP 9011(b)](#).

If you file this claim electronically, [FRBP 5005(a)(2)](#) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. [18 U.S.C. §§ 152](#), [157](#), and [3571](#).

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/20/2018
                   MM / DD / YYYY

*Joel Connally*
Signature

Print the name of the person who is completing and signing this claim:

| Name | Joel D. Connally | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Strength & Connally, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 7020 Fain Park Dr., Ste. 3 | | |
| | Number           Street | | |
| | Montgomery | AL | 36117 |
| | City | State | ZIP Code |
| Contact phone | 334-387-2121 | Email | jc@strengthconnally.com |

## Tomberlin Claim Itemization

$ 20,576,899      Judgment entered April 17, 2014 (Exhibit "A")
25% Post-Judgment Interest

$ (1,574,344)      Credit due from August 2, 2018, Order Confirming Sheriff's Sale,
Ordering Deed,And Distribution of Proceeds  (Exhibit "B")

$ 22,521,828      Post-Judgment Interest Between April 17, 2014, Judgment and
August 2, 2018, Order @ 25%
       (0.25 / 365) x $20,576,899 =  $14,093.76 per diem
       $14,093.76  x  1,598 days  = $22,521,828.50

$     624,741      Post-Judgment Interest Between August 3, 2018, Order and
September 19, 2018, @ 25%
       (0.25 / 365) x $19,002,556 = $13,015.44 per diem
       $13,015.44  x  48 days   =   $624,741.12

$    (100,000)      Credit from repossession of personal property from
Miramar Beach, Fl., property.

**$ 42,049,124**      **TOTAL AS OF 9/19/18**

File # 2014036819
OR BK 3622 Pages 1684 - 1686
Recorded 07/08/14 14:58:51
Bill Kinsaul, Clerk
Bay County, FL
Deputy Clerk GB
Trans # 1212371

**IN THE STATE OF ALABAMA** )

**COUNTY OF JEFFERSON** )

## AFFIDAVIT OF MARIANNE H. COMBS

Before me, the undersigned authority, personally appeared, Marianne H. Combs, who being by me duly sworn, stated as follows:

1.     My name is Marianne H. Combs. I am over 21 years of age and am competent to testify to the matters set forth herein. I have personal knowledge of the information contained in this affidavit.

2.     I am one of the attorneys of record for Multibank 2009-1 CML-ADC Venture, LLC ("Judgment Creditor") in that certain case styled *Multibank 2009-1 CML-ADC Venture, LLC v. South Bass Island Resort, Ltd. and John C. Tomberlin, et al*, Civil Action No. 2008-cv-0749 in the Common Pleas Court of Erie County, Ohio.

3.     A Final Judgment was entered on April 17, 2014 and a Certificate of Judgment was issued against the defendants in the amount of $20,576,899.91, plus costs and interest.

4.     The last known address of Judgment Debtor John C. Tomberlin is 12 Indigo Place, Enterprise, Alabama 36330.

5.     The Judgment Creditor's address is c/o Rialto Capital, c/o Michael Yaffe, 600 Madison Avenue, 12th Floor, New York, New York 10022.

FURTHER AFFIANT SAITH NOT.

_____
Marianne H. Combs
Florida Bar No. 0086745

**STATE OF ALABAMA**                    )

**COUNTY OF JEFFERSON**              )

Before me, the undersigned authority, a Notary Public in and for said County and State, personally appeared Marianne H. Combs, with whom I am personally acquainted or proven to me on the basis of satisfactory evidence, and acknowledged that he executed the foregoing for the purposes and considerations therein expressed and without undue influence or coercion from any other party.

SWORN TO AND SUBSCRIBED this 3rd day of July, 2014.

_____
**NOTARY PUBLIC**

**My Commission**
**Expires:**_____MY COMMISSION EXPIRES NOVEMBER 30, 2016_____


CLERK'S CERTIFICATE OF MAILING

I, Bill Kinsaul, Clerk of the Circuit Court in and for Bay County, Florida, hereby certify that a true and correct certified copy of the foregoing has been sent by certified return receipt mail, to the address(es) as shown on the preceding document on July 9th, 2014.

Bill Kinsaul
Clerk of Circuit Court
Bay County, Florida



_____
Deputy Clerk

IN THE COMMON PLEAS COURT OF ERIE COUNTY, OHIO

| | | |
|---|---|---|
| Multibank 2009-1 CML-ADC Venture, LLC | : | Case No. 2008-CV-0749 |
| Plaintiff | | |
| vs | : | Judge Roger E. Binette |
| South Bass Island Resort, Ltd., et al | : | **JUDGMENT ENTRY** |
| Defendants | :::: | |

This matter came before this Court on March 18, 2014 for *Bench Trial* on the only remaining issue – the guaranty of Defendant John C. Tomberlin. [1]

This Court heard Opening Statements, adduced evidence; admitted and considered the agreed upon Exhibits. This Court did give an opportunity to for Defendant to present any evidence / exhibits as his Case-in-Chief. Defendant declined to do so. Finally, this Court reviewed and considered the written Closing Arguments of counsel.

After consideration of the foregoing ( all the testimony, evidence / exhibits), this Court finds that Plaintiff has met its burden of proof. This Court finds that Defendant John C. Tomberlin did guaranty this loan, which is in default. This Court therefore finds that Defendant John C. Tomberlin is liable on the guaranty.

Finally, this Court had previously granted Summary Judgment against Defendants South Bass Island Resort, LTD; Cecil Weatherspoon and 250 Centre, LTD in an amount that included interest at 11% (Judgment Entry filed on or about November 16, 2011). Thereafter, Plaintiff orally objected to the interest rate at 11 %, asserting that the 'default' rate was 25%. At the close of this Bench Trial, Plaintiff renewed its objection to the 11% rate, requesting that this Court amend its November 16, 2011 Judgment Entry to reflect the correct rate of 25 %. This Court reviewed the contract between the Plaintiff and defendants (i.e.. guarantors), and found that the correct 'default' rate was 25%, not 11 %. Therefore, in the Interest of Justice, this Court should amend that Judgment Entry.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that, based on the foregoing, judgment is entered in favor of Plaintiff, Multibank 2009-1 CML-ADC Venture, LLC and against Defendant John C. Tomberlin in the amount of $ 20,576,899.91 as of March 17, 2014 plus interest at the contractual rate of 25 % , [2] payment of taxes, assessments and insurance, and costs.

**IT IS FURTHER ORDERED** that Judgment Entry filed on or about November 16, 2011 which granted judgment in favor of Plaintiff Multibank 2009-1 CML-ADC Venture, LLC and against Defendants South Bass Island Resort, LTD; Cecil Weatherspoon and 250 Centre, LTD in the principal amount of $7,849,093.30, plus interest at 11%, payment of taxes, assessments and insurance, and costs – is Amended to read 25% instead of the 11%.

**IT IS SO ORDERED.**

JUDGE

"The Erie County Clerk Of Courts Is ORDERED to enter this Judgment Entry on its journals, and shall serve upon all parties not in default for failure to appear Notice of this Judgment Entry and its date of entry upon the journal. Within 3 days of journalizing this Judgment Entry, the Clerk shall serve the parties. Civ. R. 58(B) & 5(B)"

Martha Sullivan/Stephanie Nichaus
Geoffrey Oglesby

I HEREBY CERTIFY THIS TO BE A TRUE COPY OF THE ORIGINAL FILED IN THIS OFFICE.
LUVADA S. WILSON, CLERK OF COURTS
Erie County, Ohio

By

[1] Previously this Court found in favor of Plaintiff against the co-defendant's via a Summary Judgment filed on or about Nov. 16, 2011.
[2] This is approximately $ 5,450.76 per diem.

## IN THE COURT OF COMMON PLEAS
## OTTAWA COUNTY, OHIO

GARY A. KOHLI
CLERK OF COURTS
OTTAWA COUNTY, OHIO

2018 AUG -3 ₽ 2: 10

NCP Bayou 2 LLC

      Plaintiff,

vs.

South Bass Island Resort, Ltd., *et al.*

      Defendants.

Case No. 2008 CV 0479

Judge Bruce A. Winters

**ORDER CONFIRMING SHERIFF'S SALE, ORDERING DEED AND DISTRIBUTION OF PROCEEDS**

This matter came to be heard upon the Motion of Plaintiff NCP Bayou 2 LLC, for an Order of the Court to confirm the Sheriff's sale of five parcels of real property held on June 15, 2018, to distribute the proceeds from the sale, and to direct the Sheriff to execute and deliver to the purchasers proper deeds to the property sold.

The Court, upon consideration of the Motion, and having examined the proceedings of the sale and being satisfied that the same have been had in all respects in conformity to the law and the orders of this Court, it is ordered that said proceedings and sales be and they are hereby approved and confirmed.

### Parcel 1

**Parcel No. 0241992330128000**
Address: 0 Langram Rd., Put In Bay, OH 43456
Prior Deed Reference: OR Book 1067, Page 143 and OR 872, Page 936
Appraised at: $303,000
Bid: $241,000

It further appearing to the Court that Todd A. Blumensaadt ("Blumensaadt") was the successful bidder at the sale for Parcel No. 0241992330128000 (having an address of 0 Langram Rd., Put In Bay, OH 43456), which is more fully described in the attached Exhibit A, for a cash bid in the sum of $241,000, it is hereby ORDERED that the Sheriff of Ottawa County, Ohio execute a good and sufficient deed for such Parcel 1 in the name of Todd A. Blumensaadt whose

tax mailing address is 784 Cooper Drive P.O. Box 547 Put-in-Bay, Ohio 43456. It is further

ORDERED that Blumensaadt is subrogated to all rights of the holders of interests and liens upon

such property so far as may be necessary for the protection of his title, and that a writ of possession

is hereby issued to Blumensaadt to put him in possession of Parcel 1.

It is further ORDERED that the Clerk of this Court cause a release (or certified copy of

this entry) to be filed for record to discharge the following interests and liens as they relate to

Parcel 1:

A. Open-End Mortgage from South Bass Island Resort Ltd. as mortgagor, and 250
   Centre, Ltd. as surety, to The Columbian Bank and Trust Company, dated June 14,
   2006, filed June 15, 2006, and recorded in OR Book 1140, Page 342, of the Ottawa
   County Records, as assigned by that certain Assignment by Federal Deposit
   Insurance Corporation, as Receiver for Columbian Bank and Trust Company, to
   Multibank 2009-1 CML-ADC Venture, LLC, dated March 1, 2010, filed April 19,
   2010, and recorded in OR Book 1315, Page 69, of the Ottawa County Records.

Such mortgage shall be released only to the extent that it encumbers Parcel 1 and not to the extent

that it encumbers any other property.

B. Mortgage Deed from Kaldka Enterprises, Ltd. and South Bass Island Resort, Ltd., and
   Cecil Weatherspoon Jr., to Richard C. Johnson, whose address is 10266 Hwy 62E,
   Henderson, Arkansas 72544, in the amount of $150,000.00, dated May 11, 2012, filed May
   16, 2012, and recorded in OR Book 1405, Page 867, of the Ottawa County Records.

Such mortgage shall be released only to the extent that it encumbers Parcel 1 and not to the extent

that it encumbers any other property.

IT IS FURTHER ORDERED that title to the premises described in Exhibit A hereto be,

and the same is, quieted as against all Defendants, and as against all parties claiming by, through

or under any of them and the Defendants herein, and such claimants are hereby enjoined from

setting up any claim to Parcel 1 or any part thereof adverse to the title in possession of

Blumensaadt.

-2-

IT IS FURTHER ORDERED that Blumensaadt takes title to the premises described in Exhibit A subject to taxes and assessments due, if any.

## Parcel 2

**Parcel No. 0240661930131000**
Address: 1481 Langram Rd., Put In Bay, OH 43456
Prior Deed Reference: OR 1140, Page 338
Appraised at: $460,000
Bid: $507,000

It further appearing to the Court that Silica Sand Enterprises LLC ("Silica Sand Enterprises") was the successful bidder at the sale for Parcel No. 0240661930131000 (having an address of 1481 Langram Rd., Put In Bay, OH 43456), which is more fully described in the attached Exhibit B, for a cash bid in the sum of $507,000, it is hereby ORDERED that the Sheriff of Ottawa County, Ohio execute a good and sufficient deed for such Parcel 2 in the name of Silica Sand Enterprises whose tax mailing address is 421 Jackson St. Sandusky, Ohio 44870. It is further ORDERED that Silica Sand Enterprises is subrogated to all rights of the holders of interests and liens upon such property so far as may be necessary for the protection of its title, and that a writ of possession is hereby issued to Silica Sand Enterprises to put it in possession of Parcel 2.

It is further ORDERED that the Clerk of this Court cause a release (or certified copy of this entry) to be filed for record to discharge the following interests and liens as they relate to Parcel 2:

A. Open-End Mortgage from South Bass Island Resort Ltd. as mortgagor, and 250 Centre, Ltd. as surety, to The Columbian Bank and Trust Company, dated June 14, 2006, filed June 15, 2006, and recorded in OR Book 1140, Page 342, of the Ottawa County Records, as assigned by that certain Assignment by Federal Deposit Insurance Corporation, as Receiver for Columbian Bank and Trust Company, to Multibank 2009-1 CML-ADC Venture, LLC, dated March 1, 2010, filed April 19, 2010, and recorded in OR Book 1315, Page 69, of the Ottawa County Records.

- 3 -

Such mortgage shall be released only to the extent that it encumbers Parcel 2 and not to the extent that it encumbers any other property.

B. Mortgage Deed from South Bass Island Resort, Ltd. (borrower), and Cecil Weatherspoon Jr. (Guarantor), to Mina Khoee-Fard, whose address is 3407 Milan Road, Sandusky, Ohio 44870, in the amount of $300,000.00 dated August 15, 2013, filed October 2, 2013, and recorded in OR Book 1481, Page 14, of the Ottawa County Records.

Such mortgage shall be released only to the extent that it encumbers Parcel 2 and not to the extent that it encumbers any other property.

C. Mortgage Deed from South Bass Island Resort, Ltd. (borrower), and Cecil Weatherspoon Jr. (Guarantor), to Andrews S. Martin, whose address is 109 Cedar Point Road, Sandusky, Ohio 44870, in the amount of $500,000,00, dated August 19, 2013, filed October 2, 2013, and recorded in OR Book 1481, Page 17, of the Ottawa County Records.

Such mortgage shall be released only to the extent that it encumbers Parcel 2 and not to the extent that it encumbers any other property.

IT IS FURTHER ORDERED that title to the premises described in Exhibit B hereto be, and the same is, quieted as against all Defendants, and as against all parties claiming by, through or under any of them and the Defendants herein, and such claimants are hereby enjoined from setting up any claim to Parcel 2 or any part thereof adverse to the title in possession of Silica Sand Enterprises.

IT IS FURTHER ORDERED that Silica Sand Enterprises takes title to the premises described in Exhibit B subject to taxes and assessments due, if any.

**Parcel 3**

**Parcel No. 0240661928674000**
Address: 0 Meechen Rd., Put In Bay, OH 43456
Prior Deed Reference: OR 1140, Page 338
Appraised at: $405,000
Bid: $435,000

- 4 -

It further appearing to the Court that Plaintiff NCP Bayou 2 LLC ("NCP Bayou 2") was the successful bidder at the sale for Parcel No. 0240661928674000 (having an address of 0 Meechen Rd., Put In Bay, OH 43456), which is more fully described in the attached Exhibit C, for a credit bid in the sum of $435,000, it is hereby ORDERED that the Sheriff of Ottawa County, Ohio execute a good and sufficient deed for such Parcel 3 in the name of NCP Bayou 2 LLC. It is further ORDERED that NCP Bayou 2 is subrogated to all rights of the holders of interests and liens upon such property so far as may be necessary for the protection of its title, and that a writ of possession is hereby issued to NCP Bayou 2 to put it in possession of Parcel 3.

It is further ORDERED that the Clerk of this Court cause a release (or certified copy of this entry) to be filed for record to discharge the following interests and liens as they relate to Parcel 3:

A. Open-End Mortgage from South Bass Island Resort Ltd. as mortgagor, and 250 Centre, Ltd. as surety, to The Columbian Bank and Trust Company, dated June 14, 2006, filed June 15, 2006, and recorded in OR Book 1140, Page 342, of the Ottawa County Records, as assigned by that certain Assignment by Federal Deposit Insurance Corporation, as Receiver for Columbian Bank and Trust Company, to Multibank 2009-1 CML-ADC Venture, LLC, dated March 1, 2010, filed April 19, 2010, and recorded in OR Book 1315, Page 69, of the Ottawa County Records.

Such mortgage shall be released only to the extent that it encumbers Parcel 3 and not to the extent that it encumbers any other property.

IT IS FURTHER ORDERED that title to the premises described in Exhibit C hereto be, and the same is, quieted as against all Defendants, and as against all parties claiming by, through or under any of them and the Defendants herein, and such claimants are hereby enjoined from setting up any claim to Parcel 3 or any part thereof adverse to the title in possession of NCP Bayou 2.

IT IS FURTHER ORDERED that NCP Bayou 2 takes title to the premises described in Exhibit C subject to taxes and assessments due, if any.

### Parcel 4

**Parcel No. 0240628228653000**
Address: 1539 Langram Rd., Put In Bay, OH 43456
Prior Deed Reference: OR 1140, Page 335
Appraised at: $200,000
Bid: $250,000

It further appearing to the Court that Plaintiff NCP Bayou 2 LLC ("NCP Bayou 2") was the successful bidder at the sale for Parcel No. 0240628228653000 (having an address of 1539 Langram Rd., Put In Bay, OH 43456), which is more fully described in the attached Exhibit D, for a credit bid in the sum of $250,000, it is hereby ORDERED that the Sheriff of Ottawa County, Ohio execute a good and sufficient deed for such Parcel 4 in the name of NCP Bayou 2 LLC. It is further ORDERED that NCP Bayou 2 is subrogated to all rights of the holders of interests and liens upon such property so far as may be necessary for the protection of its title, and that a writ of possession is hereby issued to NCP Bayou 2 to put it in possession of Parcel 4.

It is further ORDERED that the Clerk of this Court cause a release (or certified copy of this entry) to be filed for record to discharge the following interests and liens as they relate to Parcel 4:

A. Open-End Mortgage from South Bass Island Resort Ltd. as mortgagor, and 250 Centre, Ltd. as surety, to The Columbian Bank and Trust Company, dated June 14, 2006, filed June 15, 2006, and recorded in OR Book 1140, Page 342, of the Ottawa County Records, as assigned by that certain Assignment by Federal Deposit Insurance Corporation, as Receiver for Columbian Bank and Trust Company, to Multibank 2009-1 CML-ADC Venture, LLC, dated March 1, 2010, filed April 19, 2010, and recorded in OR Book 1315, Page 69, of the Ottawa County Records.

Such mortgage shall be released only to the extent that it encumbers Parcel 4 and not to the extent that it encumbers any other property.

- 6 -

IT IS FURTHER ORDERED that title to the premises described in Exhibit D hereto be, and the same is, quieted as against all Defendants, and as against all parties claiming by, through or under any of them and the Defendants herein, and such claimants are hereby enjoined from setting up any claim to Parcel 4 or any part thereof adverse to the title in possession of NCP Bayou 2.

IT IS FURTHER ORDERED that NCP Bayou 2 takes title to the premises described in Exhibit D subject to taxes and assessments due, if any.

**Parcel 5**
**Parcel No. 0240792910512000**
Address: 1505 Langram Rd., Put In Bay, OH 43456
Prior Deed Reference: OR 1140, Page 340
Appraised at: $115,000
Bid: $211,000

It further appearing to the Court that Silica Sand Enterprises LLC ("Silica Sand Enterprises") was the successful bidder at the sale for Parcel No. 0240792910512000 (having an address of 1505 Langram Rd., Put In Bay, OH 43456), which is more fully described in the attached Exhibit E, for a cash bid in the sum of $211,000, it is hereby ORDERED that the Sheriff of Ottawa County, Ohio execute a good and sufficient deed for such Parcel 5 in the name of Silica Sand Enterprises whose tax mailing address is 421 Jackson St. Sandusky, Ohio 44870. It is further ORDERED that Silica Sand Enterprises is subrogated to all rights of the holders of interests and liens upon such property so far as may be necessary for the protection of its title, and that a writ of possession is hereby issued to Silica Sand Enterprises to put it in possession of Parcel 5.

It is further ORDERED that the Clerk of this Court cause a release (or certified copy of this entry) to be filed for record to discharge the following interests and liens as they relate to Parcel 5:

- 7 -

A. Open-End Mortgage from South Bass Island Resort Ltd. as mortgagor, and 250 Centre, Ltd. as surety, to The Columbian Bank and Trust Company, dated June 14, 2006, filed June 15, 2006, and recorded in OR Book 1140, Page 342, of the Ottawa County Records, as assigned by that certain Assignment by Federal Deposit Insurance Corporation, as Receiver for Columbian Bank and Trust Company, to Multibank 2009-1 CML-ADC Venture, LLC, dated March 1, 2010, filed April 19, 2010, and recorded in OR Book 1315, Page 69, of the Ottawa County Records.

Such mortgage shall be released only to the extent that it encumbers Parcel 5 and not to the extent that it encumbers any other property.

IT IS FURTHER ORDERED that title to the premises described in Exhibit E hereto be, and the same is, quieted as against all Defendants, and as against all parties claiming by, through or under any of them and the Defendants herein, and such claimants are hereby enjoined from setting up any claim to Parcel 5 or any part thereof adverse to the title in possession of Silica Sand Enterprises.

IT IS FURTHER ORDERED that Silica Sand Enterprises takes title to the premises described in Exhibit E subject to taxes and assessments due, if any.

The Court further finds that each of the above bids for each of the Parcels satisfies the minimum sale price under Ohio law and was the best bid obtained.

The Court further finds that Plaintiff holds a valid and enforceable first mortgage on the Property, subject only to the costs of this action and unpaid real estate taxes.

The Court being satisfied upon careful examination of the proceedings of said Sheriff that the same have been made in all respects in conformity to law and the orders of this Court, IT IS THEREFORE HEREBY ORDERED that such proceedings and sale be, and they are hereby approved and confirmed.

- 8 -

IT IS FURTHER ORDERED, that because Plaintiff NCP Bayou 2 LLC was the successful bidder for Parcels 3 and 4 (by credit bid) at the Sheriff's sale, the amount of the court costs and other fees shall be deducted from the amount of deposits otherwise due and payable to the Plaintiff.

The Court therefore makes the following order of the distribution of proceeds of the sale:

1. The Clerk of Courts of Ottawa County, Ohio shall be paid $19,107.69 for court costs, including the fees of the appraisers and the charges of the Sheriff of Ottawa County, Ohio (including poundage, the fee for preparation of the Sheriff's deed, and for releasing the above referenced liens).

2. The Treasurer of Ottawa County, Ohio shall be paid the following amounts for current taxes and assessments due on the Property:

   a. Parcel No. 0241992330128000
   Address: 0 Langram Rd., Put In Bay, OH 43456
   Total: $3,512.96

   b. Parcel No. 0240661930131000
   Address: 1481 Langram Rd., Put In Bay, Oh 43456
   Total: $9,724.98

   c. Parcel No. 0240661928674000
   Address: 0 Meechen Rd., Put In Bay, Oh 43456
   Total: $11,875.50

   d. Parcel No. 0240628228653000
   Address: 1539 Langram Rd., Put In Bay, OH 43456
   Total: $4,802.41

   e. Parcel No. 0240792910512000
   Address: 1505 Langram Rd., Put In Bay, OH 43456
   Total: $3,672.53

3. For the prorated amount of taxes due for the Property, the following amounts shall be distributed:

   a. Parcel No. 0241992330128000
   Address: 0 Langram Rd., Put In Bay, OH 43456
   Total: $1,875.80
   To Todd A. Blumensaadt

   b. Parcel No. 0240661930131000
   Address: 1481 Langram Rd., Put In Bay, OH 43456
   Total: $3,794.53

- 9 -

To Silica Sand Enterprises LLC

   c.  Parcel No. 0240661928674000
      Address: 0 Meechen Rd., Put In Bay, OH 43456
      Total: $4,571.98
      To the Plaintiff NCP Bayou 2 LLC

   d.  Parcel No. 0240628228653000
      Address: 1539 Langram Rd., Put In Bay, OH 43456
      Total: $1,848.68
      To the Plaintiff NCP Bayou 2 LLC

   e.  Parcel No. 0240792910512000
      Address: 1505 Langram Rd., Put In Bay, OH 43456
      Total: $1,414.76
      To Silica Sand Enterprises LLC

4. The Auditor of Ottawa County, Ohio shall be paid $3,290.50 for conveyance fees and transfer tax.

5. The County Recorder of Ottawa County, Ohio shall be paid $164.00 for recording the three (3) Sheriff's deeds (Blumensaadt Deed – 4 pages - $44.00; Silica Deed – 5 pages $52.00; Plaintiff NCP Bayou 2 Deed – 7 pages - $68.00).

6. Plaintiff, on account of its judgment previously rendered plus interest and costs in this action, shall be paid the balance of $889,343.68 received from the sale.

The Court further finds that the balance due Plaintiff, on the Plaintiff's judgment, was $20,576,899.91 as of March 17, 2014. The Court further finds that the Defendants should be credited $1,574,343.68 on Plaintiff's judgment from the proceeds of the June 15, 2018 sale (said amount representing the total sale price for Parcels 1-5 (including Plaintiff's credit bids), less the above referenced costs, taxes, and other fees). After deducting this amount, there is a deficiency due Plaintiff in the sum of $19,002,556.23, as to which Plaintiff is entitled to judgment.

The Court further finds that the proceeds of the sale of Parcels 1-5 are insufficient to satisfy the judgment of the Plaintiff; accordingly, the Court makes no further findings with respect to priority among other parties to this action.

- 10 -

The Clerk is further directed to refund $4,914.00 to Plaintiff's counsel, Squire Patton Boggs (US) LLP, as a return of foreclosure deposits currently in the custody of the Clerk.

The Clerk is further directed to distribute $40,000.00 on deposit from the former purchaser (Dubai Development Company LLC) of Parcels 1-5 at a vacated Sheriff's Sale which was held on November 17, 2017 to the Plaintiff NCP Bayou 2 LLC as compensation for Dubai Development Company LLC's failure to finalize that sale.

**IT IS SO ORDERED**

Bruce Winters
08/03/2018

Judge Bruce A. Winters
Common Pleas Judge

Prepared and Approved:

Martha S. Sullivan (0064040)
martha.sullivan@squirepb.com
Eleanor M. Hagan (0091852)
eleanor.hagan@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304
(216) 479-8500
(216) 479-8780 facsimile

*Attorneys for Plaintiff NCP Bayou 2 LLC*

# EXHIBIT A

Case No. 2008cv479
Mortgage Parcel No. 3

## Legal Description

Situated on South Bass Island, Township of Put-In-Bay, County of Ottawa, and State of Ohio: And being part of Lot 17 and 18, Range South of the County Road and more particularly described as follows:

Beginning at a railroad spike marking the intersection of the centerline of Langram Road also known as Sight Line Road (County Road 163) and the centerline of Meechen Road (Township Road 164) said centerline of Meechen Road also being the southwesterly line of Lot 18 and the northeasterly line of Lot 19; thence proceeding North 49 deg. 09 min. West along centerline of Meechen Road for a distance of 546.07 feet to a railroad spike marking the westerly corner of Lot 18; the southerly corner of Lot 26; the easterly corner of Lot 47 and the northerly corner of Lot 19; thence proceeding North 40 deg. 00 min. East along the southeasterly line of Lot 26 and the northwesterly lines of Lot 17 and Lot 18 for a distance of 321.79 feet to an iron pipe (passing over an iron pipe at 20 feet); thence proceeding South 49 deg. 16 min. East for a distance of 546.05 feet (passing over an iron pipe at 526.05 feet) to a railroad spike on the centerline of Langram Road, said railroad spike being at the Southerly corner of Lot 11 in the Airport Subdivision No.5 as recorded in Plat Book 13, Page 40-A in the office of the Ottawa County Recorder; thence proceeding South 40 deg. 00 min, West along the centerline of Langram Road for a distance of 322.9 feet to a railroad spike and the true place of beginning, and containing 4.04 acres of land, but being subject to all legal highways. Lot 18 contains 3.41 acres and Lot 17 contains 0.6267 acres.

> Property Address: 0 Langram Rd., Put In Bay, OH 43456
> Parcel Number: 0241992330128000
> Prior Deed Reference: Vol. 1067, Page 143, Recorder's Office, Ottawa County, Ohio

*Ronald P. Cato D. PE.PS.*
*ISOPI PMED PASIRING 3-31-17mL*
Ottawa County Engineer

EXHIBIT B

Case No. 2008cv479
Mortgage Parcel No. 6

## Legal Description

Situated on the Island of South Bass, Put-In-Bay Township, Ottawa County, and State of Ohio:
Being part of Lot 19, Range South of County Road, more particularly described as follows, to wit:

Commencing at the intersection of the southwesterly line of said Lot 19 and the centerline of Sight Line Road (also known as Langram Road);

Thence North 40 deg. 00' East, 137.46 feet to the place of beginning;

Thence North 49 deg. 52' west, 354.1 feet to the southeasterly line of a parcel of land sold to Peter Kramer by deed recorded in Volume 236, page 802;

Thence North 42 deg. 20' 30" east, along the south line of the Kramer property, 117.44 feet to a point;

Thence North 49 deg. 52' west, 170.82 feet to the northwesterly line of said Lot 19;

Thence north 42 deg. 20' 30" east, along the northwesterly line of said Lot 19, also the southerly line of Lot 47, 303.5 feet to the centerline of Meechen Road, and the northeasterly line of Lot 19;

Thence southeasterly in said centerline 525 feet to the centerline of Sight Line Road (also known as Langram Road); 462.5 feet to the place of beginning, containing 4.6 acres of land, more or less, subject to all legal highways.

Property Address: 1481 Langram Rd., Put In Bay, OH 43456
Parcel Number: 0240661930131000
Prior Deed Reference: Vol. 1140, Page 338, Recorder's Office, Ottawa County, Ohio

*Donald P. Cato, PE, PS.*
*2002 pres Meetings 3-31-17 MW*
Ottawa County Engineer

EXHIBIT C

Parcel No. 0240661928674000

## LEGAL DESCRIPTION
For: South Bass Island Resort, LTD

Parcel #1
4.211 Acres

A parcel of land located in part of Lot 47, South of the County Road, South Bass Island, Put-in-Bay Township, Ottawa County, Ohio and being further bounded and described as follows:

**Beginning** from a spike found marking the intersection of the centerline of Put-in-Bay Road (Township Road 260) (30 feet right of way) with the centerline of Meechen Road (Township Road 164) (40 feet right of way), said spike also marking the Northwesterly corner of said Lot 47;

1. Thence Southeasterly along the centerline of said Meechen Road, also being the Northerly line of said Lot 47, South 47 degrees 18 minutes 57 seconds East, a distance of 660.05 feet to a mag nail found marking the Northeasterly corner of said Lot 47, also being the Northwesterly corner of lands now or formerly owned by South Bass Island Resort, LTD through Official Record Book 1140, Page 338 of the Ottawa County Records;

2. Thence Southwesterly along the Easterly line of said Lot 47, also being the Westerly line of said South Bass Island Resorts lands, South 39 degrees 45 minutes 26 seconds West, a distance of 299.94 feet to a 1 inch iron pin in concrete found marking the Northeasterly corner of The Island Club as recorded in Plat Volume 32 page 4 of the Ottawa County Records, passing over a 5/8 inch iron pin found at a distance of 19.88 feet;

3. Thence Northwesterly along the Northerly line of said The Island Club and the Northerly line of The Island Club Phase II as recorded in Plat Volume 33, Page 22-A of the Ottawa County Records, North 47 degrees 21 minutes 53 seconds West, a distance of 557.95 feet to a 3/4 inch iron pipe found marking the Southeasterly corner of lands now or formerly owned by James H. and Barbara J. Drushel through Deed Book 424, Page 028 of the Ottawa County Records;

4. Thence Northeasterly along the Easterly line of said Drushel lands, North 42 degrees 13 minutes 27 seconds East, a distance of 142.52 feet to a 1 inch iron pin found marking the Northeasterly corner of said Drushel lands;

5. Thence Northwesterly along the Northerly line of said Drushel lands, North 47 degrees 21 minutes 53 seconds West, a distance of 115.00 feet to a mag nail found marking the Northwesterly corner of said Drushel lands, also being on the Westerly line of said Lot 47 and the centerline of said Put-in-Bay Road, passing over a 1 inch iron pin found at a distance of 100.53 feet;

6. Thence Northeasterly along the Westerly line of said Lot 47, also being the centerline of said Put-in-Bay Road, North 42 degrees 13 minutes 27 seconds East, a distance of 157.61 feet to the **True Point of Beginning**, containing in all 4.211 acres of land more or less of which 0.300 acres lie within Meechen Road right of way and 0.051 acres lie within Put-in-Bay Road right of way, subject however to all legal highways and prior easements of record.

Parcel No. 0240661928674000

Grantor claims title by Official Record Book 1140, Page 338 of the Ottawa County records.

The above legal description is based on a land survey performed during April of 2017, by DGL Consulting Engineers, LLC. and was prepared by Peter J. Segaard, Ohio Professional Surveyor #7883.

NOTE: The bearings in this legal description are based upon an assumed meridian and are used only for the purpose of describing angular measurements.

All references to "an iron pin set" are 5/8" diameter x 30" long iron pins with cap "DGL - PJS 7883"

Parcel No. 0240661928674000

Ottawa County Engineer

EXHIBIT D

Parcel No. 0240628228653000

## LEGAL DESCRIPTION
For: South Bass Island Resort, LTD

Parcel #2
2.913 Acres

A parcel of land located in part of Lot 20, South of the County Road, South Bass Island, Put-in-Bay Township, Ottawa County, Ohio and being further bounded and described as follows:

Commencing from a spike found marking the intersection of the centerline of Langram Road (County Road 163) (AKA Sight Line Road) (40 feet right of way) with the centerline of Meechen Road (Township Road 164) (40 feet right of way), said spike also being on the Northerly line of Lot 19;

Thence Southwesterly along the centerline of said Langram Road, South 41 degrees 41 minutes 07 seconds West, a distance of 591.57 feet to a mag nail found marking the Southeasterly corner of lands now or formerly owned by South Bass Island Resort, LTD through Official Record Book 1140, Page 340 of the Ottawa County Records and the **True Point of Beginning** of the Parcel herein described;

1.  Thence continuing Southwesterly the centerline of said Langram Road, South 41 degrees 41 minutes 07 seconds West, a distance of 242.28 feet to a mag nail found marking the Northeasterly corner of lands now or formerly owned by Robert L. and Ruth A. Engel through Deed Book 389, Page 224 of the Ottawa County Records;

2.  Thence Northwesterly along the Northerly line of said Engel lands, North 47 degrees 47 minutes 17 seconds West, a distance of 526.20 feet to an iron pin set marking the Northwesterly corner of said Engel lands, also being on the Easterly line of Lot 46, passing over an iron pin set at a distance of 20.00 feet;

3.  Thence Northeasterly along the Easterly line of said Lot 46 also being the Easterly line of The Island Club Phase 4 as recorded in Plat Volume 34, Page 18 of the Ottawa County Records, North 41 degrees 36 minutes 33 seconds East, a distance of 95.31 feet to a 5/8 inch iron pin in concrete found, passing over a 5/8 inch iron pin with cap found at a distance of 15.36 feet;

4.  Thence Northerly along the Easterly line of said Lot 46 also being the Easterly line of The Island Club as recorded in Plat Volume 32, Page 4 of the Ottawa County Records, North 41 degrees 53 minutes 15 seconds East, a distance of 144.74 feet to an iron pin set marking the Southwesterly corner of lands now or formerly owned by Scott M. Jackson through Official Record Book 1587, Page 395 of the Ottawa County Records;

5.  Thence Southeasterly along the Southerly line of said Jackson lands, South 48 degrees 01 minutes 51 seconds East, a distance of 525.80 feet to the **True Point of Beginning**, passing over a ¾ inch iron pin found at a distance of 507.77 feet, containing in all 2.913 acres of land more or less of which 0.111 acres lie within Langram Road right of way, subject however to all legal highways and prior easements of record.

Grantor claims title by Official Record Book 1140, Page 335 of the Ottawa County records.
The above legal description is based on a land survey performed during April of 2017, by DGL Consulting Engineers, LLC. and was prepared by Peter J. Segaard, Ohio Professional Surveyor #7883.

Parcel No. 0240628228653000

**NOTE:** The bearings in this legal description are based upon an assumed meridian and are used only for the purpose of describing angular measurements.
All references to "an iron pin set" are 5/8" diameter x 30" long iron pins with cap "DGL - PJS 7883"

Parcel No. 0240628228653000

Ronald P. Oto D. PE, PS.
Description Approved 9-5-17 mz
Ottawa County Engineer

EXHIBIT E

Case No. 2008cv479
Mortgage Parcel No. 9 and 10

## Legal Description

Situated in the County of Ottawa and State of Ohio: And known as being that part of Lot Nineteen (19), Range South of County Road, Main part of South Bass Island, Put-In-Bay, Ottawa County, Ohio as follows:

Beginning at the intersection of the southwesterly line of lot nineteen (19) and the centerline of Sight Line Road; thence North 49 deg. 52' West, along the southwesterly line of said Lot Nineteen (19), a distance of 278.72 feet to a point; thence North 40 deg. 00' East, 137.46 feet to a point; thence South 49 deg. 52' East, 278.72 feet to the centerline of Sight Line Road; thence South 40 deg. 00' West, along the centerline, 137.46 feet to the place of beginning and containing 0.88 acres more or less, but subject however to all legal highways.

This description was prepared by Paul W. Hemrick, Reg. Surveyor No. 4082 dated August 26, 1967.

And

Situated in the County of Ottawa and State of Ohio: And known as being that part of Lot Nineteen (19), Range South of County Road, Main part of South Bass Island, Put-In-Bay, Ottawa County, Ohio as follows:

Beginning at a point in the southwesterly lien of said lot nineteen (19), North 49 degrees 52' West, 278.72 feet from its intersection with the centerline of Sight Line Road, the same being the most westerly corner of a 0.88 acre parcel of land previously conveyed by Travelair Taxi, Inc.; thence North 49 deg. 52' West, along the southwesterly line of said lot Nineteen (19), a distance of 78.59 feet to the southwesterly line of a 1 acre parcel of land now or formerly owned by Peter Kramer; thence North 42 deg. 20' 30" East, along said Kramer lands, 137.56 feet to a point; thence South 49 deg. 52' East 75.38 feet to a northwesterly line of said 0.88 acre parcel of land; thence South 40 deg. 00' West, along last mentioned line, 137.46 feet to the place of beginning and containing 0.243 acres more or less, but subject however to all legal highways.

This description was prepared by Paul W. Hemrick Reg. Surveyor No. 4082.

     Property Address: 1505 Langram Rd., Put In Bay, OH 43456
     Parcel No. 0240792910512000
     Prior Deed Reference: Vol. 1140, Page 340, Recorder's Office, Ottawa County, Ohio

Ronald P. Oats, PE, PS.  3-31-17 mw
Ottawa County Engineer



ELECTRONICALLY FILED
2/29/2016 12:57 PM
71-CV-2014-000050.00
CIRCUIT COURT OF
COFFEE COUNTY, ALABAMA
MICKEY COUNTS, CLERK

EXHIBIT B

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ENTERPRISE DIVISION

MULTIBANK 2009-1 CML-ADC VENTURE, )
LLC, )
Plaintiff, )
)
V. ) Case No.: CV-2014-000050.00
)
TOMBERLIN JOHN C,, )
Defendant. )

## ORDER

A suggestion of bankruptcy having been filed in this cause by the defendant, it is therefore **Ordered and Adjudged** as follows:

**1.** All further proceedings in this case are stayed pending disposition of said Defendant's petition for discharge in bankruptcy.

**2.** The parties in this case shall notify the Court of the status of the bankruptcy action every 120 days.

**3.** Furthermore, if any garnishment exists, it is hereby dismissed and the Garnishee discharged. If any funds have been withheld from Defendant pursuant to the garnishment and are in the possession of the Garnishee or the Clerk of Court, then said funds shall be returned to Defendant.

**4.** This case is ordered to the Administrative Docket.

**DONE this 29th day of February, 2016.**

**/s/ SHANNON R CLARK**
**CIRCUIT JUDGE**

# EXHIBIT C

## AFFIDAVIT OF MICHAEL BENJAMIN GERIG

STATE OF CONNECTICUT      )

FAIRFIELD COUNTY      )

BEFORE ME, the undersigned Notary Public in and for said State and County, personally appeared Ben Gerig, who upon being identified to me and sworn, deposes and says as follows:

1. My name is Michael Benjamin Gerig. I am over the age of 19 years, and I have personal knowledge of the facts and matters set forth herein.

2. I am the Chief Executive Officer of Northlight Capital Partners LLC ("NCP"), whose principal place of business is located at 64 Wall Street, Suite 212 in Norwalk, Connecticut. I am familiar with the business and financial transactions in which NCP has engaged.

3. NCP is the manager of Northlight Real Estate Opportunity Fund II, LP (the "Fund"). The Fund is a member and the manager of NCP Bayou 2 LLC. As manager of the Fund, Northlight Capital Partners is familiar with the business and financial transactions in which NCP Bayou 2 LLC, has engaged, and I, in turn, am also familiar with those transactions.

4. On December 1, 2017, Multibank 2009-1 CML-ADC Venture, LLC, transferred, conveyed and assigned all of its right, title and interest in a judgment entered on or about April 27, 2014, in the Common Pleas Court of Erie County, Ohio against John C. Tomberlin, along with any other indebtedness owed by or right to payment from John C. Tomberlin, to NCP Bayou 2, LLC. NCP Bayou 2, LLC, now holds all rights, title and interest in the claims previously asserted by Multibank 2009-1 CML-ADC Venture, LLC, against John C. Tomberlin

in Case Number 16-10168 and Adversary Proceeding 16-01116 in The United States Bankruptcy

Court for the Middle District of Alabama.


FURTHER AFFIANT SAYETH NAUGHT.

_____
Michael Benjamin Gerig



Sworn to and subscribed before me this the ___3___ day of January, 2017, by Ben Gerig who is
personally known to me.



_____
Print Name: _____
Notary Public

[SEAL]                          My commission expires: _____

**ALEXANDRA G. GRENOBLE**
**NOTARY PUBLIC OF CONNECTICUT**
**I.D. # 169733**
**My Commission Expires 8/31/2020**

EXHIBIT  D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE THE MATTER OF: | ) | CASE NO. 16-10168 |
| JOHN C. TOMBERLIN, Debtor | ) | |
| | ) | |
| JOHN C. TOMBERLIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:17cv872-ECM |
| | ) | |
| NCP BAYOU 2, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

**FINAL JUDGMENT**

In accordance with the Memorandum Opinion entered on this day, the judgment of the

bankruptcy court in its November 3, 2017 Memorandum Opinion and Order and December 19,

2017 Order is AFFIRMED.


 Done this 12th day of February, 2020.


/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on December 1, 2013, the fee to file an appeal is $505.00

## CIVIL APPEALS JURISDICTION CHECKLIST

1.   **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a)   **Appeals from final orders pursuant to 28 U.S.C. § 1291:**  Final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. § 158, generally are appealable.  A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983) (citing *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).  A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge.  28 U.S.C. § 636(b); *Perez-Priego v. Alachua County Clerk of Court*, 148 F.3d 1272 (11th Cir. 1998).  However, under 28 U.S.C. § 636(c)(3), the Courts of Appeals have jurisdiction over an appeal from a final judgment entered by a magistrate judge, but only if the parties consented to the magistrate's jurisdiction.  *McNab v. J & J Marine, Inc.*, 240 F.3d 1326, 1327-28 (11th Cir. 2001).

(b)   **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b).  *Williams v. Bishop*, 732 F.2d 885, 885-86 (11th Cir. 1984).  A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 201, 108 S.Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 837 (11th Cir. 1998).

(c)   **Appeals pursuant to 28 U.S.C. § 1292(a):** Under this section, appeals are permitted from the following types of orders:

   i.   Orders granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions; However, interlocutory appeals from orders denying temporary restraining orders are not permitted.  *McDougald v. Jenson*, 786 F.2d 1465, 1472-73 (11th Cir. 1986);

   ii.   Orders appointing receivers or refusing to wind up receiverships; and

   iii.   Orders determining the rights and liabilities of parties in admiralty cases.

(d)   **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5:**  The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals.  The district court's denial of a motion for certification is not itself appealable.

(e)   **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93

L.Ed. 1528 (1949); *Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc.*, 890 F.2d 371, 376 (11th Cir. 1989); *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. *Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

(a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the order or judgment appealed from is entered. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend or reopen the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time to file an appeal may be reopened if the district court finds, upon motion, that the following conditions are satisfied: the moving party did not receive notice of the entry of the judgment or order within 21 days after entry; the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice, whichever is earlier; and no party would be prejudiced by the reopening.

(e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rev.: 3/2011

**3.**     **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format.  *See also* <u>Fed.R.App.P. 3(c)</u>.  A *pro se* notice of appeal must be signed by the appellant.

**4.**     **Effect of a notice of appeal:** A district court lacks jurisdiction, *i.e.*, authority, to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in <u>Fed.R.App.P. 4(a)(4)</u>.

Rev.: 3/2011

EXHIBIT E                    [DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10776
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cv-00872-ECM
Bkcy. No. 16-bk-10168

JOHN C. TOMBERLIN,

                                        Plaintiff-Appellant,

versus

MULTIBANK 2009-1 CML-ADM VENTURE, LLC,

                                                Defendant,

NCP BAYOU 2, LLC,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 5, 2021)

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

John Tomberlin was deeply in debt.  In 2014, an Ohio court entered a judgment against him for more than $20,000,000, after he had defaulted on a loan to Multibank (successor-in-interest to appellee, NCP Bayou 2).  And, to make matters worse, the IRS had been after him for years to pay more than $306,000 in unpaid taxes (including interest and penalties).  So in 2015, when the IRS levied against his personal bank accounts, Tomberlin found himself in a difficult situation.  If he continued to deposit his income into his personal accounts, he worried that the IRS would again garnish those funds, leaving him with nothing to pay his bills, much less his creditors.  So with the advice of counsel, he started to use the corporate bank account of a business he owned—South Alabama Diagnostic Imaging, PC (SADI)—as his personal checking account.  He deposited his salary into that account and withdrew funds from it to pay his phone bills, insurance premiums, mortgage, and credit cards.

Though this allowed Tomberlin to "get-by financially" while he prepared to file for bankruptcy, the bankruptcy court later determined that this action also disqualified him from having his indebtedness discharged under 11 U.S.C. § 727. Tomberlin unsuccessfully appealed that decision to the district court, and he now asks us to reverse the bankruptcy court's order.

2

In an appeal from a bankruptcy proceeding, we "independently examine the bankruptcy court's factual and legal determinations, applying the same standards of review as the district court." *In re Coady*, 588 F.3d 1312, 1315 (11th Cir. 2009). That means we "review the bankruptcy court's factual findings for clear error and its resolution of any legal questions *de novo*." *Id.*

Debtors who file for Chapter 7 bankruptcy are offered an opportunity at a "fresh start"—a discharge of their debts—as long as they abide by certain rules. *In re Mitchell*, 633 F.3d 1319, 1326 (11th Cir. 2011). That is, under § 727(a)(2)(A), the bankruptcy court "shall grant the debtor a discharge, *unless*" the "debtor, with intent to hinder, delay, or defraud a creditor" has "transferred, removed, destroyed, mutilated, or concealed" his property "within one year before the date of the filing of the [bankruptcy] petition." 11 U.S.C. § 727(a)(2)(A) (emphasis added). To successfully object to a discharge, a creditor must show by a preponderance of the evidence "(1) that the act complained of was done within one year prior to the date the petition was filed, (2) with actual intent to hinder, delay, or defraud a creditor, (3) that the act was that of the debtor, and (4) that the act consisted [of] transferring, removing, destroying, or concealing any of the debtor's property." *In re Jennings*, 533 F.3d 1333, 1339 (11th Cir. 2008).

Here, the bankruptcy court found that Tomberlin was not entitled to a discharge because he intended to hinder or delay payment to the IRS when he

3

channeled his personal income into his corporate account.  And on appeal, Tomberlin admits that the first, third, and fourth elements were established.  He argues only that he lacked the requisite intent—an argument he frames both as legal and factual.

First, the alleged legal error.  Tomberlin says that his intent—an "intent to get-by financially"—was not the type of intent Congress "considered so abusive" that it merited denial of a discharge.  He claims that he "never misrepresented or actively concealed the nature of what he was doing to or from anyone; nor did he otherwise evidence intent to deceive or mislead his creditors (particularly the IRS)."  He also says that he had no "nefarious intent to hinder or delay the IRS." All that the evidence showed, he says, was that he "intended to prevent the IRS levying his personal funds so that he could continue operating (in a financial capacity) both professionally and personally."

Unfortunately for Tomberlin, that is all that the evidence needed to show: an intent to delay or hinder (i.e. "prevent") the IRS from levying his personal funds. *See* 11 U.S.C. § 727(a)(2)(A).  He posits that because he had a good reason for delaying payment to the IRS—he needed to "protect" his money to "get-by financially"—that he should still be entitled to a discharge.  But even if he had logical reasons for postponing payment, it does not change the fact that he *intended* to delay the IRS's collection.  And such intent places him outside an entitlement to

a discharge under § 727.  *See In re Smiley*, 864 F.2d 562, 568 (7th Cir. 1989)

(affirming a denial of discharge when the debtor "intended to hinder or delay his

creditors, even if he had no intent to defraud them").

We also find no clear error in the bankruptcy court's factual finding that

Tomberlin intended to delay or hinder the IRS.  *In re Kane*, 755 F.3d 1285, 1298

(11th Cir. 2014).  As the court observed, his own testimony made this fact

abundantly clear, as he testified that he used the "SADI account instead of personal

accounts as a way to 'protect' his money."  There is nothing clearly erroneous in

the court's finding that using the SADI account to "'protect' the money and

prevent garnishment" constituted an intent to "hinder or delay a creditor."

**AFFIRMED.**